FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP - 2 2015

JAMES W. McCORMACK, CLERK
By:_____
                              DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 4:15CR 00224 BSM |
| ) | |
| v. ) | 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846 |
| ) | |
| RICHARD DUANE JOHNS ) | |
| DAVID LARUE SCROGGINS ) | |
| MARISSA DONANN SCROGGINS ) | |
| CHRISTOPHER DAVID SCROGGINS ) | |
| DONNA MICHELLE CEARNS ) | |
| VANESSA E. BYRD ) | |
| RANDY JAMES BYRD ) | |
| JAMES JASON WASHAM ) | |
| JERRI D. WASHAM ) | |
| CHRISTINE MARIE ZEMAN ) | |
| MEGAN BROOKE MCCONNELL ) | |
| GREGORY CHASE MCCONNELL ) | |
| ARON SCOT COCHRAN ) | |
| SCOTTY WAYNE FERREN, JR. ) | |
| JASON RAY BEAUDRY ) | |
| DUSTIN R. BULLOCK ) | |
| CHARLES LESTER MASON ) | |
| JOSHUA DAVID RINGER ) | |
| JAMES VERNON SPIKER, JR. ) | |

## INDICTMENT

THE GRAND JURY CHARGES:

## COUNT 1

Beginning in or about June 2011, and continuing through in or about May, 2015, in the Eastern District of Arkansas,

1

RICHARD DUANE JOHNS
DAVID LARUE SCROGGINS
MARISSA DONANN SCROGGINS
CHRISTOPHER DAVID SCROGGINS
DONNA MICHELLE CEARNS
VANESSA E. BYRD
RANDY JAMES BYRD
JAMES JASON WASHAM
JERRI D. WASHAM
CHRISTINE MARIE ZEMAN
MEGAN BROOKE MCCONNELL
GREGORY CHASE MCCONNELL
ARON SCOT COCHRAN
SCOTTY WAYNE FERREN, JR.
JASON RAY BEAUDRY
DUSTIN R. BULLOCK
CHARLES LESTER MASON
JOSHUA DAVID RINGER
JAMES VERNON SPIKER, JR.

did conspire with each other and others known and unknown to the grand jury to knowingly and intentionally possess with intent to distribute and to distribute oxycodone, a Schedule II controlled substance, without an effective prescription, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and during the course of the conspiracy RICHARD DUANE JOHNS and DAVID LARUE SCROGGINS distributed oxycodone the use of which caused the death of another individual.

All in violation of Title 21, United States Code, Section 846.

COUNT 2

On or about February 10, 2015, in the Eastern District of Arkansas,

RICHARD DUANE JOHNS

knowingly and intentionally distributed oxycodone, a Schedule II controlled substance, without an effective prescription, in violation of Title 21, United States Code, Section 841(a)(1) and

2

(b)(1)(C).

## COUNT 3

On or about February 12, 2015, in the Eastern District of Arkansas, the defendant,

RICHARD DUANE JOHNS

knowingly and intentionally distributed oxycodone, a Schedule II controlled substance, without an effective prescription, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 4

On or about February 26, 2015, in the Eastern District of Arkansas, the defendant,

RICHARD DUANE JOHNS

knowingly and intentionally distributed oxycodone, a Schedule II controlled substance, without an effective prescription, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 5

On or about March 12, 2015, in the Eastern District of Arkansas, the defendant,

RICHARD DUANE JOHNS

knowingly and intentionally distributed oxycodone, a Schedule II controlled substance, without an effective prescription, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 6

On or about March 19, 2015, in the Eastern District of Arkansas, the defendant,

RICHARD DUANE JOHNS

knowingly and intentionally distributed oxycodone, a Schedule II controlled substance, without an effective prescription, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 7

On or about March 27, 2015, in the Eastern District of Arkansas, the defendant

RICHARD DUANE JOHNS

knowingly and intentionally distributed oxycodone, Schedule II controlled substance, without an effective prescription, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## FORFEITURE ALLEGATION 1

Upon conviction of one or more controlled substance offenses set forth in Counts 1 through 7 of this Indictment, RICHARD DUANE JOHNS, shall forfeit to the United States pursuant to 21 U.S.C. § 853 all property constituting or derived from, proceeds obtained directly or indirectly from the drug trafficking, including but not limited to the following:

1) A money judgment in the amount of $2,000,000 representing an amount of proceeds obtained as a result of the drug trafficking charged in Counts 1 through 7, and all interests and proceeds traceable thereto.

## FORFEITURE ALLEGATION 2

Upon conviction of one or more of the offenses alleged in Counts 1 through 7, RICHARD DUANE JOHNS, shall forfeit to the United States, under 21 U.S.C. § 853, all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, including, but not limited to, the following:

1) Lot 18-R, Block 0, Ridgefield Estates, An Addition to the City of Little Rock, Pulaski County, Arkansas;

2) One 2006 Ford F250, VIN 1FTSW21P56EB56030;

If the above-described forfeitable property, as a result of any act or omission of the defendant(s):

 (a) cannot be located upon the exercise of due diligence;

 (b) has been transferred or sold to, or deposited with, a third party;

 (c) has been placed beyond the jurisdiction of the court;

 (d) has been substantially diminished in value; or

 (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

[END OF TEXT SIGNATURE PAGE TO FOLLOW]